IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RITA & VERNON LEWIS | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:21-cv-00027 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and FREDRICK FORD | § § § § | |
| *Defendants*. | § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

### I.   INTRODUCTION

1. By way of background, Vernon and Rita Lewis ("Plaintiffs") suffered a substantial loss to the roof of their home on June 26, 2020, when co-Defendant Fredrick Ford, on behalf of Allstate Fire and Casualty Insurance Company ("Allstate"), directed the improper installation of tarping to Plaintiffs' roof, causing irreparable damage. Specifically, Defendant Ford directed the use of improper means, methods, and materials to install tarping over two slopes of Plaintiffs' roof, thereby mechanically and irreparably damaging the shingles. Defendants then misrepresented to Plaintiffs the proper and available repair and/or replacement methods related to the damaged roof.

## II. PARTIES

2. Plaintiff Vernon Lewis is an individual residing in Brazoria County, Texas.

3. Plaintiff Rita Lewis is an individual residing in Brazoria County, Texas.

4. Defendant Fredrick Ford is an individual residing in Dallas, Texas.

5. Defendant Allstate is a corporation duly organized and existing in the state of Texas. Allstate has been served through its registered agent, CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201-3136.

6. At all times herein, Defendant Allstate acted by and through its duly authorized agents and servants, each acting within the course and scope of his or her employment.

## III. JURISDICTION AND VENUE

7. Plaintiffs contest the jurisdiction and venue of this matter as indicated in its Motion for Remand, filed on February 9th, 2021 with this Court and bearing docket number 3.

## IV. GENERAL FACTUAL ALLEGATIONS

8. Vernon and Rita Lewis own a home located at 1073 N County Rd 149, Alvin, Texas 77511 (the "Property"). Plaintiffs suffered a substantial loss to the roof of their home on June 26, 2020 when Fredrick Ford, on behalf of Allstate, directed the improper installation of a tarp to Plaintiffs' roof, causing irreparable damage, necessitating replacement.

9. By way of background, on June 22, 2020, Plaintiffs reported a claim of property damage to Allstate, their insurer, involving damage to their roof and internal leaking to their home. On June 26, 2020, Fredrick Ford, on behalf of Allstate, directed the inspection of the Property.

During this inspection, Fredrick Ford, on behalf of Allstate, directed the installation of blue tarping over two slopes of the roof while covering the damaged and leaking area of the roof on one of the slopes. To secure the blue tarping, Fredrick Ford, on behalf of Allstate, directed the use of improper means, methods, and materials. Unfortunately, the means, methods, and materials used and/or directed by Fredrick Ford, on behalf of Allstate, mechanically and irreparably damaged the 20-year shingles on the Property, leaving puncture holes in all of the impacted shingles.

10. The damaged shingles are incapable of repair or replacement.

11. Allstate initially acknowledged that the blue tarping had been installed improperly, but later made mis-statements and misrepresentations of fact concerning the nature and extent of the damage to Plaintiffs and the proper means and methods to repair/replace said damage. Eventually, Defendants have refused to take responsibility for the damage to the roof caused by this incorrect installation. It is clear that Defendants set out to intentionally avoid paying for the damage it caused to Plaintiffs' home. Further, Defendants under-scoped and undervalued the damages, further misleading Plaintiffs and, thus, denying Plaintiffs adequate and sufficient payment for its damages.

12. Defendants' acts and omissions have caused a delay in Plaintiffs' ability to fully repair their home, which resulted and continues to result in additional damages to the Property.

13. Allstate denied the insurance claim. This lawsuit does not arise out of Allstate's denial of said insurance claim, however. Rather, this lawsuit arises out of Defendants' acts and omission as described herein. On September 25, 2020, a pre-suit demand and notice of claim was made on Defendants. Defendants did not make a meaningful effort to resolve the dispute. Rather,

Defendants arbitrarily refused to fully pay for the damages, even after being provided an opportunity for re-inspection of the Property.

## V.  CAUSES OF ACTION

### A.    COUNT ONE - NEGLIGENCE

14.    Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

15.    Defendants, by and through its agents, representatives, and employees/adjusters, owed Plaintiffs duties to act as a reasonable adjuster, including but not limited to: a duty to not further damage Plaintiffs' property.  Ultimately, Defendants breached this duty by improperly installing tarping to their roof in numerous locations, causing irreparable damage.  The improper tarping was the cause in fact of Plaintiffs' additional damages that necessitate total removal and replacement of the current roof and this was a foreseeable consequence of using improper tarping materials.  As a result, Plaintiffs have suffered substantial damages to their Property.

### B.    COUNT TWO - VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

16.    Pleading in addition to and/or in the alternative, Plaintiffs are consumers under the Texas Deceptive Trade Practices Act ("TDPA").  Defendants violated the Texas Business & Commerce Code § 17.46(b) by:

> (1) Representing that goods or services have sponsorship, approval, characteristics, . . . uses, [or] benefits . . . which they do not have;
>
> (2) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(3) Knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service; and

(4) Failing to disclose information concerning goods or services which were known at the time and such failure to disclose was intended to induce the consumer into a transaction which the consumer would not have entered had the information been disclosed.

17. Plaintiffs were damaged by the unfair and deceptive acts of Defendants. Plaintiffs have incurred and will continue to incur reasonable and necessary legal fees for the aforementioned claim and are entitled to reimbursement of said reasonable and necessary legal fees from Defendants under the TDTPA.

18. Defendants' actions that violated the TDTPA were done knowingly and intentionally. As such, Plaintiffs are entitled to treble damages against Defendants.

19. Pleading in addition to and/or in the alternative, Plaintiffs are entitled to actual damages as well as any and all consequential damages, statutory penalties, and/or punitive damages as provided by law.

## VI. NOTICE AND CONDITONS PRECEDENT

20. Notice was timely given to Defendant pursuant to the requirements of the TDTPA. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## VII. REQUESTED RELIEF

21. Plaintiffs seek the following damages:

   a. Actual damages for the full amount of property loss due to the improper tarping of the roof and the permanent and irreparable damage resulting therefrom, including but not limited to removal and replacement of the damaged roof;
   b. Actual damages of all amounts owed;

  c. Treble damages under the TDTPA;

  d. Attorneys' fees, costs, and expenses pursuant to the TDTPA;

  e. Exemplary damages;

  f. Pre- and post-judgment interest to the extent permitted by law; and

  g. Any and all other relief and/or damages to be awarded by this Court.

## VIII. JURY TRIAL DEMAND

22. Plaintiffs hereby request a trial by jury of all issues of fact in this case and thereby tenders the jury fee.

Dated: April 15, 2021

Respectfully submitted,

By: */s/ Jennifer B. LeMaster*

**JENNIFER B. LeMASTER**
Attorney-in-charge
Texas State Bar No. 24041063
S.D. Tex. Bar No. 5655899
jennifer@lalawtx.com
**NEJAT AHMED**
Texas State Bar No. 24034304
S.D. Tex. Bar No. 5698110
nejat@lalawtx.com
**RACHEL ANTHONY COLLINS**
Texas State Bar No. 24059385
rachel@lalawtx.com

**LEMASTER & AHMED PLLC**
8777 West Rayford Rd.,
Suite 200 PMB 303
The Woodlands, Texas 77389
Telephone: 832.356.7983
Facsimile: 832.653.9360

**ATTORNEYS FOR PLAINTIFFS
VERNON & RITA LEWIS**

## CERTIFICATE OF CONFERENCE

I, Jennifer LeMaster hereby certify that I have conferred with counsel for Defendant by email on April 15, 2021 to determine Defendant's position, counsel advised that Defendant is unopposed to the filing of Plaintiffs' First Amended Petition.

*/s/ Jennifer B. LeMaster*
Jennifer B. LeMaster

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 15, 2021, she caused a true and correct copy of the foregoing document to be electronically filed using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Jennifer B. LeMaster*
Jennifer B. LeMaster